**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**BENJAMIN ALONSO ZEPEDA-MARTINEZ, MARCOS ALONSO PERALTA GERARDO, and GREGORIO VERDUGO,**<br><br>**Defendants.**<br>_____ | **1:25-cr-00005-WAL-EAH** |

**TO:**   Natasha Baker, Esq., AUSA
       Julio C. Alejandro-Serrano, Esq.

## ORDER

**THIS MATTER** comes before the Court on the Government's oral Motion for a Detention Hearing, made by Attorney Natasha Baker during Defendant Marcos Alonso Peralta Gerardo's June 10, 2025 Initial Appearance. Mr. Gerardo, through his attorney, Julio Alejandro-Serrano, Esq., objected to the motion, and the Court held a hearing on the Government's oral motion on June 16, 2025. For the reasons that follow, the Court will deny the Government's oral motion and will not hold a detention hearing as to Mr. Gerardo.

## BACKGROUND

### I.   Procedural Background

The procedural history that led to the instant dispute is convoluted but important to understand these proceedings. On December 31, 2024, the United States Coast Guard stopped a boat in international waters. *See* Complaint, Dkt. No. 1, *United States v. Zepeda, et al.*, No. 3:25-mj-00002 (D.V.I. Jan. 26, 2025). The Coast Guard allegedly found Mr. Gerardo, his two co-defendants, and significant amounts of cocaine on board the boat, and therefore

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 2

arrested all three men. *Id.* The Defendants were detained by the Coast Guard and apparently held for nearly a month as the Coast Guard sailed back to the United States.

On January 26, 2025, the Government filed a Criminal Complaint against a "Marcos Alonso Gerado Peralta" in the St. Thomas and St. John Division of the District Court of the Virgin Islands. *Id.* That Complaint opened Case Number 3:25-mj-00002. However, the Coast Guard took Mr. Gerardo to Miami, Florida where, on January 27, 2025, an arrest warrant was served on him. *See* Dkt. Nos. 8, 10.

Mr. Gerardo was then brought before a Magistrate Judge in the District Court for the Southern District of Florida for an Initial Appearance. Minute Order, Dkt. No. 10, *United States v. Zepeda, et al.*, No. 1:25-mj-02167 (S.D. Fla. Jan. 28, 2025). Per the Minute Order entered after the Initial Appearance, the Magistrate Judge temporarily detained Mr. Gerardo pending a pretrial detention and removal hearing set for January 31, 2025. *Id.* On January 31, 2025, the Magistrate Judge in Florida held another hearing and issued a second Minute Order. Minute Order, Dkt. No. 23, *United States v. Zepeda, et al.*, No. 1:25-mj-02167 (S.D. Fla. Jan. 31, 2025). That Order describes the proceedings before the court as a Detention and Removal Hearing. *Id.* Confusingly, the Magistrate Judge checked a box on the template-form Order indicating that no pretrial detention hearing was held. However, in the "disposition" box of the Minute Order, the Magistrate Judge wrote that the parties stipulated to a $250,000 corporate surety bond with a *Nebbia* hearing.[1] The docket entry for that Order provides:

---

[1] A *Nebbia* hearing, named after the Second Circuit case *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966), describes a hearing at which a court scrutinizes the source of property put up as bail to ensure that the funds posted are not from an improper source and will adequately

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 3

> Pretrial Detention/Removal Hearing as to Marcos Alonso Gerado Peralta held on 1/31/2025. Defendant's Oral Motion for Continuance of Removal Hearing- GRANTED. (Removal Hearing set for 2/10/2025 at 10:00 AM in the Miami Division before MIA Duty Magistrate Judge.), Bond Recommendation/Set/Reset as to Marcos Alonso Gerado Peralta (2) STIP- $250,000 CSB with Nebbia.

*Id*. The removal hearing was subsequently continued, and was ultimately waived by Mr. Gerardo, who was then committed to the District of the Virgin Islands. *See* Dkt. Nos. 27, 42, 44, *United States v. Zepeda, et al.*, No. 1:25-mj-02167 (S.D. Fla. Feb. 26, 2025).

On March 13, 2025, the Government filed an Information in the St. Croix Division of the District of the Virgin Islands against "Marcos Alonso Gerardo Perlata." *See* Dkt. No. 1, *United States v. Zepeda, et al.*, No. 1:25-cr-00003 (D.V.I. Mar. 13, 2025). The Information opened Case Number 1:25-cr-00003. The Government has not explained why the Complaint against Marcos Alonso Gerado Peralta was filed in January 2025 in the St. Thomas Division, while the Information was filed in the St. Croix Division. Nevertheless, despite the different names for the Defendant in the charging documents and the different divisions, the parties treated the proceedings in Case Number 3:25-mj-00002 as though they were the same case as those occurring in Case Number 1:25-cr-00003.

On April 24, 2025, the Government filed a motion for the pretrial detention of the Defendant. Dkt. No. 4, *United States v. Zepeda, et al.*, No. 1:25-cr-00003 (D.V.I. Apr. 24, 2025). The Court set a detention hearing, which the Defendant moved to vacate because the

---

assure that a defendant does not flee. *See United States v. Fedullo*, 525 F. Supp. 1210, 1214 (D.N.J. 1981). The term *Nebbia* is rarely used in this Circuit, but the bases for the hearing are adequately supported by Federal Rule of Criminal Procedure 46(f) and 18 U.S.C. § 3146(d). *Id.*

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 4

Magistrate Judge in Florida had already issued an Order setting release conditions for Mr. Gerardo, and the Bail Reform Act does not authorize successive release or detention orders absent circumstances not present in this case. Dkt. No. 15, *United States v. Zepeda, et al.*, No. 1:25-cr-00003 (D.V.I. Apr. 28, 2025).

While that motion was pending, the Government obtained an Indictment, purportedly against the same Defendant, but under a third name: "Marcos Alonso Peralta Gerardo."[2] *See* Dkt. No. 1. However, because two of the Defendants charged in the Indictment, including Mr. Gerardo, have different names from those charged in the Information, the Clerk of Court had no means of knowing whether the Indictment was against the same Defendants charged in the Information, and therefore opened a new criminal case under the instant Case Number: 1:25-cr-00005. All of the charging documents entered in the three cases assert the same facts and charge the same violations.

After Mr. Gerardo was advised of his rights on the Indictment, the Government orally renewed its request for a detention hearing as to Mr. Gerardo. The Defendant renewed his objection. On June 16, 2025, the Court held a hearing on "whether to proceed with a detention hearing." Dkt. No. 13.

## II.     Hearing on the Government's Motion

At the hearing, the Government acknowledged that it had the burden of proving that the Minute Order entered by the Magistrate Judge in Florida was not a valid order for the

---

[2] Per the Defendant, this is the accurate spelling of his name.

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 5

purposes of 18 U.S.C. § 3142(a).[3] To meet that burden, the Government introduced several exhibits. The first was a three-page transcript of the "Detention Hearing" held on January 31, 2025 in Florida. Government's Ex. A. During that hearing, the Defendant's attorney stated, "with respect to the issue of pretrial detention, we're going to accept the government's recommendation of a 250 corporate surety bond." *Id*. The Court responded: "OK. So I'll enter a $250,000 corporate surety bond." The Government also submitted the Magistrate Judge's Order, described above, and an email from the Assistant United States Attorney in Florida to Attorney Baker in which the Florida prosecutor stated that one of Mr. Gerardo's co-defendants stipulated to the Government's detention recommendation with a "right to revisit." Attorney Baker argued that the "right to revisit" indicated that the parties never intended for the detention determination to permanently bind them. Attorney Baker also repeatedly emphasized her belief that the both the Government and the Defendant intended for the Florida court's order setting conditions of release to last only until the Defendant was transferred to the Virgin Islands. However, she offered no evidence in support of that belief. She noted that the January 31, 2025 detention hearing lasted only two minutes.

---

[3] 18 U.S.C. § 3142(a) provides:
> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—
> (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;
> (2) released on a condition or combination of conditions under subsection (c) of this section;
> (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or
> (4) detained under subsection (e) of this section.

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 6

In response to the Government's arguments, Attorney Alejandro-Serrano asserted that 18 U.S.C. §§ 3142(a) and 3142(c) contemplate a system in which parties are permitted to stipulate to certain release conditions and courts are permitted to accept those conditions, so long as the court finds that such conditions are sufficient to reasonably assure it that the defendant will not flee or pose a danger to the community. Therefore, he explained, there is no reason for this Court to doubt the validity of the Florida court's order. Moreover, the Bail Reform Act ("BRA") does not permit release or detention orders to be reconsidered absent an appeal to the District Judge under 18 U.S.C. § 3145 or a showing of new evidence, which showing had not be made in the instant case.

The Government then requested that the Court consider reopening the detention hearing pursuant to § 3142(f), which provides that a detention hearing "may be reopened ... at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on whether there are conditions of release" that will reasonably assure that the person will not flee or pose a danger to the community. 18 U.S.C. § 3142(f). The Court asked what new evidence the Government had to offer that it did not know at the time of the original detention hearing. The only information the Government proffered was that there was now a lab report confirming that the substance which had tested presumptively positive for cocaine was, in fact, cocaine. The Court ruled from the bench that that was not information unknown to the Government sufficient to reopen the detention hearing. Therefore, the Court denied the

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 7

request to reopen the detention hearing; but the Court took under advisement the issue of whether the Florida Magistrate Judge's Order constituted a detention order under § 3142(a).

## DISCUSSION

### I.     The Impact of the Three Case Numbers

The parties took for granted that Case Number 1:25-cr-00005 is the same as Case Number 1:25-cr-00003 and that both cases, in turn, are the same as Case Number 3:25-mj-00002. Although neither party provided significant argument addressing that issue, the Court now finds that the cases are the same. Ordinarily a new case number is created whenever the Government files an information or indictment subsequent to a complaint. Typically, the information or indictment is filed in the same division and the cases are merged. Although that merger did not occur here because the cases arose in different divisions, the Court sees no reason why the filing of an information and creation of a new case number in a different division of the same district would constitute a separate case. *Cf. Zicarelli v. Gray*, 543 F.2d 466, 479 (3d Cir. 1976) ("When a federal judicial district has been carved into divisions, the accused has no right to a trial in a particular division" because the Constitution speaks only in terms of districts). Moreover, both the Government and Mr. Gerardo contend that despite the several spellings of his name, Marcos Alonso Peralta Gerardo is the same defendant as Marcos Alonso Peralta Gerado from Case Number 3:25-mj-00002 (and therefore from the Southern District of Florida case) and the same defendant as Marcos Alonso Gerardo Perlata from Case Number 1:25-cr-00003.  The Court finds that, given the Defendant's confirmation that all defendants in the three cases are one-and-the-

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 8

same person, it is proper to treat each of the cases as one proceeding. "Although the Indictment was assigned a new case number . . . the new case number assigned to the Indictment does not require the Court to completely separate it from the earlier Information." *See United States v. Quninones-Davila*, No. 2016-cr-00009, 2016 WL 4771068, at *5 (D.V.I. Sept. 12, 2016). Thus, the question becomes whether this Court is permitted to entertain the Government's motion for detention.

## II.     The Validity of the Florida Magistrate Judge's Order

The Government does not, and cannot, dispute that a detention determination can be made by a magistrate judge sitting outside the judicial district where a criminal case was initiated. *See United States v. Thomas*, 992 F. Supp. 782, 787 (D.V.I. 1998) (holding that a defendant has a right to a pretrial detention determination in the jurisdiction of his arrest, prior to removal, even if that is not the district where the defendant's charges originated). Indeed, Rule 5 of the Federal Rules of Criminal Procedure specifically contemplates that an initial appearance must occur in the district of arrest. Fed. R. Crim. P. 5(c)(2). That provision also requires that a defendant be ordered released or detained immediately following the initial appearance. Fed. R. Crim. P. 5(d)(3). It does not provide that an arresting court may issue a "temporary detention order" pending a person's removal to the charging district, although the defendant may request that his detention hearing be continued until he arrives in the charging district. *See* 18 U.S.C. 3142(f) (noting that if the defendant seeks a continuance of the detention hearing, he shall be detained pending the hearing). Similarly, 18 U.S.C. § 3142(a) requires a court to issue an order of detention or release "upon the

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 9

appearance before a judicial officer of a person charged with an offense," unless the parties move for a short continuance. *See* 18 U.S.C. § 3142(f) (the detention hearing "shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance."). If the Government moves for a continuance, the continuance cannot exceed three business days. *Id*.

Nevertheless, the Government asserts that the Minute Order entered by the court in Florida was insufficient for the purposes of the Bail Reform Act and was, in fact, not an order at all. However, the Southern District of Florida's docket very clearly reflects the entry of an Order, albeit a short "Minute Order," providing particular conditions of release pursuant to the BRA. The exhibits the Government submitted at the June 16, 2025 hearing support a finding that the Order is sufficient for the purposes of § 3142(a). First, the record clearly reflects that the defendant was agreeing to the "government's recommendation" with "respect to the issue of *pretrial* detention," *see* Government Ex. A (emphasis added), not, as the Government now contends, "pre-removal detention." Second, nothing in the January 31 Minute Order indicates that the Florida Magistrate Judge intended for her order to apply only temporarily or until another detention order could be entered upon Mr. Gerardo's initial appearance in the Virgin Islands. In fact, the record reflects that the Florida Judge was capable of indicating when her orders were temporary. *See* Minute Order, Dkt. No. 10, *United States v. Zepeda, et al.*, No. 1:25-mj-02167 (S.D. Fla. Jan. 28, 2025) (ordering that Mr. Gerardo be temporarily detained pending a detention hearing). Such limiting language was absent from the January 31, 2025 Minute Order. Finally, the parties' agreement to a "right to revisit"

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 10

detention does not demonstrate an intent to treat the detention determination as temporary. Detention or release orders may always be revisited upon the showing of new evidence not known to the movant at the time of the initial detention hearing. *See* 18 U.S.C. § 3142(f).

Furthermore, the Court is not required to enter a new detention order merely because the January 31, 2025 detention hearing was only two minutes long or because the release order was cursory. In cases of release, the BRA does not require a lengthy hearing or written findings that are any more substantive than what the Florida Magistrate Judge provided. *Compare* 18 U.S.C. §§ 3142(e), (f) (requiring a hearing prior to an order detaining a defendant pretrial) *and* § 3142(i) (if, after the hearing, a judicial officer orders that a defendant must be detained pending trial, she must issue "written findings of fact and a written statement of the reasons for detention") *with* 18 U.S.C. §§ 3142(c), (h) (a judicial officer shall order a person released if she finds that there are sufficient conditions which assure that the person shall not flee or pose a danger to the community, but the officer is not required to hold a hearing or make any written findings). Even in cases where there is a presumption in favor of detention, a court is not required to hold a hearing or detain a defendant absent a motion from the Government. *See* 18 U.S.C. § 3142(f)(1) (a detention hearing shall only be held in presumption cases "upon motion of the attorney for the Government in a case that involves" one of an enumerated list of offenses). Moreover, nothing in the BRA contemplates temporary detention pending removal to another judicial district, despite the fact that the BRA explicitly contemplates a mechanism for temporary detention in certain other cases, not relevant here. *See* 18 U.S.C. § 3142(d).

The Court therefore holds that the Minute Order entered in the Southern District of Florida is an order of release under 18 U.S.C. § 3142(a)(2). In fact, even if the Government is correct that the Government, the Defendant, and the Florida Magistrate Judge all contemplated that the Minute Order was a stopgap measure in place only until Mr. Gerardo's arrival in the Virgin Islands—which the Court doubts—that would not change the Court's determination. The BRA requires an order of detention or release to be made either immediately after a defendant's initial appearance or, in certain circumstances, shortly thereafter. 18 U.S.C. § 3142(f). The record does not reflect a request from the Defendant to continue the detention hearing beyond January 31, 2025, let alone a request to continue the hearing until after his arrival in the Virgin Islands. Therefore, the Court must hold that the detention hearing was held on January 31, because any other holding would indicate a violation of the BRA. Moreover, the statute provides the Government with just one opportunity to plead its case in favor of detention. *Id*. Accordingly, even had the parties intended some other procedure, their intent cannot trump the strictures of statute.

### III.     No Other Grounds Justify Revisiting the Florida Magistrate Judge's Determination

Only two mechanisms exist that permit a court to revisit a pretrial detention or release determination. Neither are applicable here. The first is through the presentation of new evidence not known to the movant at the time of the hearing.  *See* 18 U.S.C. § 3142(f). "Courts have interpreted this provision strictly, holding that hearings should NOT be reopened if the evidence was available at the time of the hearing." *United States v. Liz*, No. 3:23-cr-00006, 2023 WL 2526367, at *5 (D.V.I. Mar 15, 2023) (emphasis in original).

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 12

Nothing in the Government's motion for detention, Dkt. No. 4 in Case Number 1:25-cr-00003, alleges any facts that were not available to it on January 31, 2025 when Mr. Gerardo was first brought before a judicial officer for a detention hearing. The motion essentially restates the contents of the complaint. *Id*. As discussed above, as recently as June 16, 2025, the Government was unable to provide any information regarding Mr. Gerardo's detention that was not available to it at the time of the original detention hearing. Therefore, while the BRA does authorize this Court to revisit the Florida Magistrate Judge's release order, the threshold for doing so has not been met.

As to the second mechanism, the BRA specifically contemplates what procedure should apply when a party seeks the review of a release or detention order issued by a court lacking original jurisdiction[4] over an offense. In such cases, "the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" 18 U.S.C. § 3145(a)(1). The Government has not moved under § 3145 and, even if it had, it is improper for a magistrate judge in the charging jurisdiction to review a release order issued by a magistrate judge in the arresting jurisdiction. *See Thomas*, 992 F. Supp. at 787 ("all appeals of [a] detention or release order entered by [an] arresting magistrate judge shall be to a *district judge* in the charging jurisdiction." (emphasis added)); *see also United States v. Cisneros*, 328 F.3d 610,

---

[4] "Original jurisdiction" here means "the court in the district in which the prosecution is pending." *See* Barbara J. Van Arsdale, et al., *What constitutes "court having original jurisdiction over the offense" for purposes of review of release or detention order; who may review order*, 9B Fed. Proc., L. Ed. § 22:1917 (2025).

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 13

615 (10th Cir. 2003) (a motion under § 3145 "should be considered and ruled upon in the first instance by a district judge in the court of original jurisdiction."); *United States v. Manley*, 659 F. Supp. 3d 15, 21 (D.D.C. 2023) ("the Bail Reform Act does not allow for a magistrate judge in the charging jurisdiction to take an appeal from a magistrate judge's detention decision in the arresting jurisdiction"); *United States v. Aboagye*, No. 24-cr-00081, 2024 WL 1918936, at *4 (N.D. Cal. Apr. 30, 2024) (holding same and finding that a defendant is not entitled to a new detention hearing each time the defendant has an initial appearance on the same charges). Regardless, unless and until there is a motion under § 3145, the release or detention order of the arresting magistrate judge should remain undisturbed. *Cf. United States v. Robertson* No. 18-cr-264, 2022 WL 1270954 (W.D. Pa. Apr. 28, 2022) (detention order from arresting magistrate judge prior to removal remained in place until defendant moved to vacate or amend that order).

## CONCLUSION

In light of the foregoing, the Court finds that the conditions of release set by the Magistrate Judge in the Southern District of Florida remain in full force and effect. Accordingly, it is hereby **ORDERED:**

1. The Government's oral Motion for a Detention Hearing is **DENIED**.

2. Defendant Marcos Alonso Peralta Gerardo shall be subject to the conditions of release set by the Florida Magistrate Judge:

    a. He shall be released upon the posting of a $250,000 corporate surety bond. Such release shall not occur until after a *Nebbia* hearing, at which the Court

*United States v. Zepeda-Martinez, et al.*
1:25-cr-00005-WAL-EAH
Order
Page 14

    must be assured that the funds used to post the bond are not gotten from any improper source and are sufficiently likely to ensure that Mr. Gerardo will not flee.

b. If, after the *Nebbia* hearing, Mr. Gerardo posts bail, the Court will set further conditions by which his release shall be governed.

ENTER:

Dated: June 27, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE