## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

UNITED STATES OF AMERICA      :

     v.      :      **CASE NO. 25-CR-5**

**MARCOS ALONSO**      :      **(JUDGE MANNION)**[1]
**GERARDO PERALTA,**

     :

     **Defendant.**

     :

## MEMORANDUM

Presently before the Court is Marcos Alonso Gerardo Peralta's ("Defendant") "motion to dismiss for lack of subject matter jurisdiction." (**Doc. 36**). For the following reasons, the motion will be **DENIED.**

## I. BACKGROUND[2]

On December 31, 2024, a United States Coast Guard Cutter (USCGC) detected an unlit vessel approximately two miles north of the USCGC's position. (Doc. 41 at 1). The vessel displayed no indicia of nationality, however when the USCGC approached, the person

---

[1] This case was reassigned to the undersigned on February 20, 2026 (Doc. 52).

[2] For purposes of this memorandum only, the Court's factual background is based upon the averments set forth in the underlying motion and the Government's response.

commanding the vessel claimed Mexican nationality. (Docs. 41 at 1, 36 at 1, 42-1). The Department of State certified that the Mexican government could neither confirm nor deny the claim of nationality. *Id.*, (Doc. 42-1). As such, the USCGC determined that the vessel was subject to U.S. jurisdiction under 46 U.S.C. §70502(c)(1). (Doc. 42-1). Consequently, the USCGC boarded and inspected the vessel under suspicion of illicit drug trafficking. *Id.*, (Doc. 42-1). Upon search, the USCGC identified approximately 1,260 kilograms of cocaine on the vessel. (Docs. 41 at 2, 42-1).

On May 29, 2025, Defendant (along with two other individuals) was charged with (1) conspiracy to possess a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §70503(a)(1) and §70506(a), (b); and (2) possession of a controlled substance with intent to distribute while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §70503(a)(1), §70504(b)(2), §70506(a), and 18 U.S.C. §2. (Doc. 1).

On July 28, 2025, Defendant filed the underlying motion. (Doc. 36). On September 8, 2025, the Government filed its response to Defendant's motion. (Doc. 41). This matter is now ripe for disposition.

## II. DISCUSSION

The Maritime Drug Law Enforcement Act ("MDLEA") provides that "an individual may not knowingly or intentionally . . . manufacture or distribute, or possess with intent to manufacture or distribute, or place or cause to be placed with intent to manufacture or distribute a controlled substance on board a covered vessel." 46 U.S.C. §70503(a)(1). The term "covered vessel" is defined as "(1) a vessel of the United States or a vessel subject to the jurisdiction of the United States; or (2) any other vessel if the individual is a citizen of the United States or a resident alien of the United States." 46 U.S.C. §70503(e). The nationality issue of a vessel is not an element of the offense and is merely a preliminary matter for a judge to determine. 46 U.S.C. §70504(a) ("Jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge.").

A "vessel of the United States" includes:

(1) a vessel documented under chapter 121 of [the MDLEA] or numbered as provided in chapter 123 of [the MDLEA];
(2) a vessel owned in any part by an individual who is a citizen of the United States, the United States Government,

the government of a State or political subdivision of a State, or a corporation incorporated under the laws of the United States or of a State, unless--

(A) the vessel has been granted the nationality of a foreign nation under article 5 of the 1958 Convention on the High Seas; and

(B) a claim of nationality or registry for the vessel is made by the master or individual in charge at the time of the enforcement action by an officer or employee of the United States who is authorized to enforce applicable provisions of United States law; and

(3) a vessel that was once documented under the laws of the United States and, in violation of the laws of the United States, was sold to a person not a citizen of the United States, placed under foreign registry, or operated under the authority of a foreign nation, whether or not the vessel has been granted the nationality of a foreign nation.

46 U.S.C. §70502(b). A "vessel subject to the jurisdiction of the United States" includes:

(A) a vessel without nationality;

(B) a vessel assimilated to a vessel without nationality under paragraph (2) of article 6 of the 1958 Convention on the High Seas;

(C) a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States;

(D) a vessel in the customs waters of the United States;

(E) a vessel in the territorial waters of a foreign nation if the nation consents to the enforcement of United States law by the United States; and

(F) a vessel in the contiguous zone of the United States, as defined in Presidential Proclamation 7219 of September 2, 1999 (43 U.S.C. 1331 note), that--
> (i) is entering the United States;
> (ii) has departed the United States; or
> (iii) is a hovering vessel as defined in section 401 of the Tariff Act of 1930 (19 U.S.C. 1401).

46 U.S.C. §70502(c)(1). A "vessel without nationality" includes:

(A) a vessel aboard which the master or individual in charge makes a claim of registry that is denied by the nation whose registry is claimed;

(B) a vessel aboard which the master or individual in charge fails, on request of an officer of the United States authorized to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel;

(C) a vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality; and

(D) a vessel aboard which no individual, on request of an officer of the United States authorized to enforce applicable provisions of United States law, claims to be the master or is identified as the individual in charge, and that has no other claim of nationality or registry under paragraph (1) or (2) of subsection (e) [of the MDLEA].

46 U.S.C. §70502(d)(1). By virtue of its extraterritorial application, the MDLEA is "frequently used to combat drug trafficking across foreign and international water." *United States v. Mendoza*, No. 21-1087, 2022 WL 683638, at *1 (3d Cir. Mar. 8, 2022).

## A. Constitutionality of the MDLEA

Defendant summarily argues that Congress did not have the authority under the Constitution of the United States to "enact a prohibition against drug trafficking while on board a non-registered vessel, by foreign nationals, in international waters." (Doc. 36 ¶7). Specifically, for the vessels which the MDLEA defines as "stateless," Defendant claims that Congress was not given the authority within the Define and Punish Clause (U.S. CONST. art. 1, §8, cl. 10) to "enact criminal statutes that prohibit drug trafficking by foreigners onboard these types of vessels." (Doc. 36 ¶10). The Court disagrees.

The Define and Punish Clause charges that "Congress shall have Power . . . [t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations[.]" U.S. CONST. art. 1, §8, cl. 10. In *United States v. Smith*, the Supreme Court stated that the term "felonies" did not "have a very exact and determinate meaning." 18 U.S. 153, 159 (1820). The Court elaborated: "[i]n respect, therefore, as well to felonies on the high seas as to offences against the law of nations, there is a peculiar fitness in giving the power to define as well as to punish;

and there is not the slightest reason to doubt that this consideration had very great weight in producing the phraseology in question." *Id.* In other words, at the Founding, the Define and Punish Clause was drafted with the intent to confer upon Congress the power to *define and punish. See id.* This includes the MDLEA's enactment. "Inasmuch as the trafficking of narcotics is condemned universally by law-abiding nations, [there is] no reason to conclude that it is 'fundamentally unfair' for Congress to provide for the punishment of persons apprehended with narcotics on the high seas." *United States v. Ledesma-Cuesta,* 347 F.3d 527, 532 (3d Cir. 2003) (quoting *United States v. Martinez–Hidalgo*, 993 F.2d 1052, 1056 (3d Cir.1993).

In *United States v. Munoz*, the Third Circuit contemplated the very issue Defendant presents in the instant motion: whether enacting the MDLEA was an appropriate exercise of congressional power. 164 F.4th 105 (3d Cir. 2026). In that case, a USCGC intercepted a vessel which attempted to evade the USCGC at high speed. *Id.* at 106. The vessel had no indicia of nationality, and none of the vessel's occupants made a verbal claim of nationality; the Coast Guard deemed the vessel subject to the jurisdiction of the United States. *Id.* The defendant moved to dismiss his indictment, arguing that the MDLEA exceeded Congress's authority under

the Felonies Clause, which is contained within the Define and Punish Clause. *Id.* Holding that the MDLEA does not exceed Congress's authority, the Third Circuit stated:

> The Supreme Court has construed the Define and Punish Clause to provide Congress with three distinct powers: (1) to define and punish piracies under the "Piracies Clause"; (2) to define and punish felonies committed on the high seas under the "Felonies Clause"; and (3) to define and punish offenses against the Law of Nations under the "Offenses Clause." *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L.Ed. 57 (1820) ("The power given to Congress is not merely to define and punish piracies[ ] ... [T]he power is also given 'to define and punish felonies on the high seas, and offences against the law of nations.'" (citation modified)); *id.* at 159 (distinguishing between "felonies on the high seas" and "offences against the law of nations," and observing that neither category was well defined at the founding); *see also United States v. Bellaizac-Hurtado*, 700 F.3d 1245, 1248–49 (11th Cir. 2012) (discussing the three distinct grants of power contained in the Define and Punish Clause). **Congress used the second of these powers—the power granted to it under the Felonies Clause—to enact the MDLEA.**

*Id.* at 108 (emphasis added). To the extent that Defendant argues that the Define and Punish Clause did not confer upon Congress the authority to enact the MDLEA, this Court is bound by precedential caselaw which clearly states the contrary. *See Ledesma-Cuesta,* 347 F.3d at 532; *see*

*also Munoz*, 164 F.4th at 105. Therefore, we hold that Defendant's claim lacks merit.

### B. MDLEA's Jurisdiction over Foreign Nationals

Defendant secondarily argues that "[w]hat this motion raises is a constitutional challenge to the ability of . . . Congress to prescribe a criminal offense against citizens of other nations who may engage in drug trafficking activities while in international waters." (Doc. 36 ¶16). Defendant claims that "Congress . . . enacted the MDLEA to reach drug trafficking in every corner of Earth . . . the MDLEA permits U.S. Law Enforcement agents to intervene with drug trafficking anywhere on the high seas[, which is a] groundless implementation of the authority conferred to Congress[.]" *Id.*, ¶¶78, 79, 81. The Court disagrees that such implementation of authority is groundless.

This District has stated:

> "[T]he United States could, under the 'protective principle' of international law, prosecute foreign nationals on foreign vessels on the high seas for possession of narcotics." *United States v. Hurtado*, 89 F.4th 881, 885 (11th Cir. 2023) (citation omitted); *see also . . . United States v. Peterson*, 812 F.2d 486, 493-94 (9th Cir. 1987) (Kennedy, J.) ("[D]rug trafficking may be prevented under the protective principle of jurisdiction, without any showing of an actual effect on the United States.... **Protective jurisdiction is**

**proper if the activity threatens the security or governmental functions of the United States.... Drug trafficking presents the sort of threat to our nation's ability to function that merits application of the protective principle of jurisdiction.**") (citations omitted)[.]

*United States v. Orr*, 2026 WL 172734 at *8 (D.V.I. Jan. 22, 2026). While Defendant argues that the MDLEA enables the United States to obtain jurisdiction over virtually any foreign national in the world; in reality, the United States has jurisdiction over foreign nationals only insofar as it protects the United States' "security or governmental functions." *Id.*

In *United States v. McElroy-Carlos*, this District held that "the cumulative effect of these provisions [§70503(a)(1), §70503(e)(1), §70502(c)(1)(A), and §70502(d)(1)(C)] is that the MDLEA provides that the United States has jurisdiction to prosecute foreign nationals[.]" 2023 WL 4420693 at *2 (V.I.D. July 10, 2023). Here, all the same provisions of MDLEA apply to the underlying facts. It is alleged that Defendant was aboard a covered vessel (§70503(e)(1)), which was without nationality (§70502(c)(1)(A)) because it could not be affirmed by Mexico (§70502(d)(1)(C)); and that Defendant knowingly or intentionally "manufactured or distributed, possessed with intent to manufacture or distribute, or placed or caused to be placed with intent to manufacture or

distribute a controlled substance on board a covered vessel" (§70503(a)(1)). Therefore, Defendant was subject to the jurisdiction of the United States under MDLEA.

## III. CONCLUSION

While the Court appreciates Defendant's historical approach to arguing his motion, we need not evaluate the merits of each argument culminating the broad claim that Congress was without authority to "enact a criminal statute that prohibits drug trafficking on board foreign vessels under the Define and Punish Clause," and enforce it against foreign nationals, given the clear precedent by which this Court will adhere. For the reasons stated herein, the Court holds that Congress had the authority to enact the MDLEA, and to extend its enforcement to individuals aboard foreign vessels.

Based on the foregoing, the Court will **DENY** Defendant's motion to dismiss (Doc. 36). An appropriate order follows.

*s/ Malachy E. Mannion*
**Malachy E. Mannion**
**United States District Judge**

**Dated: May 26, 2026**
25-05-01